CLOSED

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---

EDWARD J. GARCIA,                    :
                                     :
            Plaintiff,               :     Civil Action No. 08-1990 (DMC)
                                     :
       v.                            :     **M E M O R A N D U M**
                                     :     **O R D E R**
CITY OF NORTH BERGEN, et al.,        :
                                     :
            Defendants.              :

---

Plaintiff seeks to file his complaint <u>in</u> <u>forma</u> <u>pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff duly applied to prosecute this matter <u>in</u> <u>forma</u> <u>pauperis</u>.[1]

IT IS APPEARING THAT:

1.  The instant matter is one of four legal matters received by the Clerk from Plaintiff during April 2008. Specifically, the Clerk received the following Plaintiff's submissions:

    a.  On April 2, 2008, the Clerk received a civil complaint, executed pursuant to 42 U.S.C. § 1983; that matter is now pending before Judge Martini. <u>See</u> Civil Action No. 08-1648 (WJM), Docket Entry No. 1.

---

[1] Plaintiff duly submitted his application to prosecute this matter <u>in</u> <u>forma</u> <u>pauperis</u>. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the instant Complaint.

1

b.    On April 9, 2008, the Clerk received Plaintiff's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254; that matter is now pending before Judge Wigenton. See Civil Action No. 08-1761 (SDW), Docket Entry No. 1;

c.    On April 15, 2008, the Clerk received another civil complaint, executed pursuant to 42 U.S.C. § 1983; that matter is now pending before Judge Linares. See Civil Action No. 08-1855 (JLL), Docket Entry No. 1;

d.    Finally, on April 23, 2009, the Clerk received the instant civil complaint, executed pursuant to 42 U.S.C. § 1983 and pending before the undersigned.  See Docket Entry No. 1.

2.    The gist of Plaintiff's four above-listed actions could be summarized as follows:

a.    In the action pending before the undersigned, Plaintiff challenges judicial handling of his criminal prosecution pending before a judge at the Municipal Court of North Bergen Township, Hudson County, New Jersey;

b.    In the action pending before Judge Martini, Plaintiff challenges his arrest and judicial handling of the ensuing apparently different criminal prosecution currently pending before two judges at the Municipal Court of the City of Union City, Hudson County, New Jersey;

2

    c.    In the action pending before Judge Linares, Plaintiff's complaint states a multitude of challenges related to confinement of inmates at the Facility, that is Hudson County Correctional Center; and

    d.    In the action pending before Judge Wigenton, Plaintiff's petition asserts that Plaintiff was provided with ineffective assistance of counsel when he pled guilty to shoplifting charges filed against him with the Superior Court of New Jersey, Law Division, Hudson County, on the basis of the offense Plaintiff committed in Jersey City, Hudson county, New Jersey, i.e., an offense different from his criminal prosecutions in municipal courts.

3.    It appears that Plaintiff is a convicted prisoner currently confined, pursuant to the shoplifting sentence imposed as a result of his plea agreement, but still facing two different criminal charges, one pending in North Bergen Township and another in the Union City.

4.    The instant matter is related to the charges pending before the Municipal Court of North Bergen Township. Specifically, Plaintiff asserts that Defendant Honorable Nino F. Falcone, a municipal judge presiding over Plaintiff's North Bergen Township criminal proceedings "violat[e] Due Process Clause / equal protection[,] fail[ed] to adjudicate disposition on timely manner [and] failed to change the venue." Docket Entry

No. 1, ¶ 5(b).[2]   Although Plaintiff names North Bergen

Township as the second Defendant in this matter, Plaintiff

states no allegations whatsoever against the Township. See

generally, Docket Entry No. 1.

5.   Judge Falcone is absolutely immune from § 1983 suit, pursuant

to the Eleventh Amendment. See, e.g., Kentucky v. Graham, 473

U.S. 159, 169 (1985); Pennhurst State School and Hospital v.

Halderman, 465 U.S. 89, 100 (1984); Quern v. Jordan, 440 U.S.

332 (1979); Edelman v. Jordan, 415 U.S. 651, 663 (1974);

Beaver v. Burlington County Det. Ctr., 2008 U.S. Dist. LEXIS

18978, at *28-29 and n.5 (D.N.J. Mar. 11, 2008) (citing Mt.

---

[2]

Plaintiff further elaborates on his claims stating that
"Honorable Falcone in a corrupted manner did neglect to accordingly
dispose motion or grant hearing as for disposition, violating Due
Process Clause of equal protection as to enlarge the process until
elapse of present sentence of 364 days for then proceed to hear
motion by deprived [Plaintiff] of constitutional right as done to
other [inmates], he is abusing discretion of authority of judiciary
and neglect legal document of relief sought therein." Docket Entry
No. 1, ¶ 8.   This Court's best guess as to the meaning of the
foregoing statement is that Plaintiff believes as follows: (a)
Plaintiff will necessarily be convicted on the charges currently
pending before Judge Falcone; (2) Judge Falcone will necessarily
sentence Plaintiff to a certain period of imprisonment; (3) had
Judge Falcone so sentenced Plaintiff during Plaintiff's current
incarceration (based on his shoplifting charges), Judge Falcone
would necessarily impose a sentence running concurrently with
Plaintiff's current sentence of 364 days, hence enabling Plaintiff
to serve the sentence based on the charges currently pending in
North Bergen Township simultaneously with his current shoplifting
sentence; and (4) in the event Judge Falcone sentences Plaintiff on
his North Bergen criminal charges after Plaintiff completes his
shoplifting sentence (or closer to the end of that shoplifting
sentence), Plaintiff would have to actually serve all or part of
the sentence imposed by Judge Falcone.   Therefore, Plaintiff is
asserting a lack of speedy trial claim against Judge Falcone.

Healthy City Bd. of Ed. V. Doyle, 429 U.S. 274, 280 (1977); Callahan v. Philadelphia, 207 F.3d 668, 670-74 (3d Cir. 2000); Kelly v. Municipal Courts, 97 F.3d 902, 907-08 (7th Cir. 1996); Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995); Knight v. City of Margate, 86 N.J. 374, 385 (1981); State v. Garcia, 297 N.J. Super. 108, 123-24 (Mun. Ct. 1996); and N.J.S.A. 2B:12-17 and 2B:12-18). Moreover, Plaintiff's claims are barred by the Younger v. Harris, 401 U.S. 37 (1971), doctrine of abstention . See Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). Indeed, Plaintiff may state his lack of speedy trial claim by challenging the sentence imposed by Judge Falcone (provided that such sentence is indeed imposed) either to Judge Falcone, or on direct appeal or in his application for collateral review. Consequently, Plaintiff's claims against Judge Falcone will be dismissed, same as Plaintiff's apparently implied yet factless derivative claims against the Township.[3]

IT IS therefore on this _____ day of _____, 2008,

ORDERED that Plaintiff's application to proceed in forma pauperis is hereby granted; and it is further

ORDERED that the Clerk of the Court shall file the complaint

---

[3]

Plaintiff's claims in the instant matter are substantively identical to Plaintiff's claims stated against the municipal judges at the City of Union City and examined extensively by Judge Martini in Civil Action No. 08-1648 (WJM).

without prepayment of the filing fee; and it is further

ORDERED that Plaintiff's claims are dismissed with prejudice; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk of the Court shall forward copies of this order by regular U.S. mail to the Attorney General of the State of New Jersey and the warden of the place of Plaintiff's current confinement; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00, which shall be deducted from his prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(1)(A), Plaintiff is assessed an initial partial filing fee and, when funds exist, the agency having custody of Plaintiff shall deduct said initial fee from Plaintiff's prison account and forward it to the Clerk of the Court; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid, each subsequent month that the amount in Plaintiff's prison account exceeds $10.00, the agency having custody of the plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payments equal to 20% of the preceding month's income credited to Plaintiff's prison account, with each payment referencing the docket number of this action; and it is finally

6

ORDERED that the Clerk shall serve a copy of this Order upon
Plaintiff by regular U.S. mail and close the file in this matter.

DENNIS M. CAVANAUGH
United States District Judge